HARVEY v. MADDEN.

No. 31530. Nov. 14, 1944.

Rehearing Denied Dec. 5, 1944.

*153 P. 2d 478.*

Brown Moore and Guy Horton, both of Stillwater, for plaintiff in error.

A. V. Dinwiddie, of Guthrie, for defendant in error.

RILEY, J. This action was commenced March 28, 1942, by defendant in error for the purpose of canceling of record a' warranty· deed to a quarter section of land in Logan county, Okla. Plaintiff below, an elderly negro woman, occupied the land as a homestead. Her former husband, W. R. Jones, died on January 15, 1937. Following his death plaintiff, though in poor health, continued to reside upon the land.

The plaintiff in error, defendant below, is a brother of Tempy Jones Madden. At the time the deed in question was executed, August 7, 1939, the plaintiff in error had come from Arkansas to live with and assist his sister in farming the land in controversy. After the death of Tempy Jones Madden's former husband she had many conversations with people concerning management and operation of her farm lands. Likewise, she discussed with numerous persons the security of title to her land. For convenience, security, and possibly under the view that she could make testamentary disposition of her property by deed, the plaintiff, on August 7, 1939, executed and delivered to her brother a warranty deed to the land described. She reserved to herself a life estate. A consideration stated in the deed was love and affection. At the same time the plaintiff in error executed a deed to the same land reconveying the same to the plaintiff. However, the deed executed by George Harvey was not delivered to the plaintiff, but upon the advice of the scrivener, Mrs. Esther Hammers, the deed of reconveyance was retained by George Harvey for the purpose of furnishing it to his wife in Arkansas so that her signature and acknowledgment to the instrument might be had.

Mrs. Esther Hammers, whose reputation for truth and veracity was not questioned, testified that on August 7, 1939, Tempy Jones, George Harvey, and Sam Brooks came into her office at Guthrie. The deed sought to be canceled was made out by her; it was signed and acknowledged by Tempy Jones, and at the same time another deed reconveying the land to Tempy Jones was made out, signed and acknowledged by George Harvey.

The evidence of plaintiff in error is to the effect that he came to Oklahoma from Arkansas to take care of his sister for her lifetime; that his sister had promised him that she would deed the farm to him, which she did, and that no deed of reconveyance ever existed.

Testimony is found throughout the record to justify the conclusion of the trial court "that plaintiff did not intend to divest herself of title to said property by reason of said deed."

Under authority of Hogan et al. v. Leeper, 37 Okla. 655, 133 P. 190; Putnam City Co. v. Minnetonka Lbr. Co., 95 Okla. 149, 218 P. 1061; Moorman v. Pettit, 119 Okla. 22, 248 P. 838, the judgment is affirmed.

GIBSON, V.C.J., and BAYLESS, OSBORN, WELCH, HURST, and DAVISON, JJ., concur. CORN, C.J., dissents.